**GILBERT v. JENKINS et al. (two cases).**

Court of Appeals of Kentucky.

March 26, 1954.

Bell & Orr and Charles R. Bell, Bowling Green, for appellant.

G. D. Milliken, Sr., Bowling Green, for appellees.

CAMMACK, Justice.

E. C. and Mary Jenkins are husband and wife. They filed separate suits against Russell C. Gilbert, administrator of the estate of John Walter Isbell, for the care and assistance they had rendered John Walter Isbell during the last years of his life. Isbell died in July, 1951. The cases were consolidated on the trial and are so treated here. The appeal is from a judgment awarding each plaintiff $2,500.

Mr. Isbell was a bachelor with a sizeable amount of property and money. He was quite conservative, as bachelors sometimes become. During the greater part of the last five years of his life he lived in the home of the appellees, though for only short periods during 1946 and 1947. From October, 1947 until August, 1948 he stayed with his sister, Bess Isbell. In 1948 he and E. C. Jenkins bought a farm for $25,000. He and the Jenkinses lived in a small four-room house until they could get possession of the large house on the farm. When they moved to the large house Isbell was given two rooms in which to live, with all facilities necessary for self-maintenance; but instead of doing his own cooking he ate with the appellees.

Isbell had phlebitis during his last years and required some care. Mary Jenkins cooked his meals; washed his clothes; and kept his room without ever being compensated. E. C. Jenkins bought his medicine; drove him in his (Jenkins') automobile everywhere he wanted to go; fed and tended to his livestock; dressed his swollen leg; took him to the hospital when he became ill; and managed his business affairs without receiving any compensation. The appellees said they never asked to be compensated because Isbell had said he was going to will one-half of his farm to their son, of whom he was very fond, and the other half to Mr. Jenkins. Isbell died on July 3, 1951. A search of his belongings did not reveal a will, although there was strong evidence that he had executed one. The inference was that it was destroyed by someone who objected to the way he left his property. The appellees filed their claims with the administrator, who refused payment, and these suits followed.

In Mrs. Jenkins' case the court instructed the jury that if they believed from the evidence that between July 2, 1946 and January 2, 1951, Mary Jenkins performed the services claimed, then they should find for her. The appellant objected to this instruction because it was shown that for some thirty months, including the period covered in the instruction, Isbell was not living with the appellees; and therefore Mrs. Jenkins could not have performed the services. It is admitted by Mrs. Jenkins that Isbell was absent from their home at different times, but that during some of those times she performed some of her services. In light of the dispute as to when and how long her services were performed, the court properly used the word "between" in referring to the dates. We think the jury was not misled by that instruction.

In the case of Mr. Jenkins the court instructed the jury to consider between

July 2, 1946 and July 2, 1951 as the time in which E. C. Jenkins performed his services. Here again we have the same objection as was raised in Mrs. Jenkins' case. The nature of the services performed by Mr. Jenkins did not require the continued presence of Isbell in his home. Therefore, the court properly instructed the jury to consider between July 2, 1946 and July 2, 1951 as the period of time in which his services were performed.

The appellant next contends that the amounts awarded are excessive, and are the result of passion and prejudice. The question of the amounts was for the jury to determine. We find ample evidence to support the findings.

Judgment affirmed.